## First Department, June, 1932.

SUSQUEHANNA SILK MILLS and Others, Appellants, *v.* EMILIO REBORA and Another, as General Average Adjusters and Trustees for NAVIGAZIONE GENERALE ITALIANA, and Others, Respondents.

Orders affirmed, with ten dollars costs and disbursements. No opinion. Present — Finch, P. J., Merrell, McAvoy, Martin and O'Malley, JJ.; Finch, P. J., and Martin, J., dissent and vote for modification.

MARTIN, J. (dissenting). In an action in equity for an accounting by the defendants, the plaintiffs seek as relief *pendente lite* an order restraining the defendants from removing from the State and county of New York moneys collected by the defendants, or in the alternative that a surety company bond be furnished to secure the plaintiffs' interest in the fund. This relief is demanded on the following grounds: (1) The defendants, custodians of the fund in New York county, are about to transmit the trust property from New York to alien non-resident trustees, Rebora and Tarabotto, and unless the restraining order is granted the trial court will be unable to render an effective judgment in the event that the issues are determined in favor of the plaintiffs; (2) that the action of the defendants in removing the property from New York State is unnecessary at the present time and they should not be permitted to do so until they have filed an answer or the trial in the action for an accounting is held; (3) that the plaintiffs are the principal beneficiaries of the fund; (4) that the defendants Rebora and Tarabotto have improperly performed their duties as trustees in that they have failed to collect from the defendant Navigazione Generale Italiana a large sum of money due the trust estate; (5) that they have improperly administered the trust estate by paying certain beneficiaries other than the plaintiffs their full shares or interests in the trust estate whereas the plaintiffs have received no part thereof. In view of the fact that the plaintiffs are concededly entitled to a large part of the fund, which the defendants propose to remove to Italy, with the result that plaintiffs may be deprived of all security, we think the plaintiffs should be protected to the extent of compelling the defendants to file a surety company bond. The order

651

denying the motion for an injunction should be modified accordingly and as so modified affirmed, with ten dollars costs and disbursements to the appellants, and the appeal from the order denying motion for reargument dismissed. Finch, P. J., concurs.